

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-7322

Re: Ownership of school buildings
where common school district
has voted to separate from
consolidated school district.

We have your letter of July 22, 1946, in which you
request an opinion of this department on behalf of the County
Superintendent of Schools of Smith County relative to the fol-
lowing questions (quoting from the letter of the County Super-
intendent):

1. "Common school districts A and B consolidated
as provided by Article 2806, forming Consolidated Dis-
trict C. Subsequently, common school district D consoli-
dated with Consolidated District C, forming thereby Con-
solidated Common School District E. . . . . As an induce-
ment to encourage District D to consolidate with District
C, District D was promised a $15,000 brick school build-
ing in which was to be maintained a four-teacher elemen-
tary school. District D had a tax rate of 100¢ on the
$100 valuation of property. This tax rate was to be re-
duced to 75¢ in the event of consolidation. The consoli-
dation was effected and the brick school building was
erected according to promise. Several years later, the
Board of Trustees of Consolidated District E moved all
the children from original District D and provided school
for them at the school maintained at the central location
in original District B." The original District D held an
election subsequent to the above events and voted to with-
draw. ". . . . District D has been officially declared
to be withdrawn from Consolidated District E. District
D is now in existence.

"There is no indebtedness of any kind against Con-
solidated District E nor was there at the time District
D withdrew.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The question has arisen as to which district owns the $15,000 school building located in original District D. Since this building was built with funds of Consolidated District E to be used as a building to house the elementary children residing in original District D in fulfillment of a promise to build this building and operate the elementary school in event of District D's consolidating with Consolidated District C, would this operate to show that District D owns this building?"

2. "In the event original District A should withdraw from the Consolidated District, would District A be entitled to the school building located in this district? (Consolidated District E has maintained a school for negro children in the original District A.) The only negro scholastics in the consolidated district reside in District A. District B, if District A should withdraw, would be relieved of the responsibility of maintaining a school for negroes. This building was built by the Consolidated District for the purpose of providing a school for the colored children residing in original District A."

3. "Since the law provides the manner of adjusting the indebtedness of consolidated districts that may dissolve, can it be assumed that the Board of County School Trustees would be authorized to determine as to which district would be the proper owner of buildings located in such districts as above described?

Article 2815, V.A.C.S., as amended by Acts 1943, 48th Legislature, Chapter 317, providing for withdrawal from consolidated districts, reads as follows:

"(a) Such consolidated districts may, in the same manner provided for their consolidation, be dissolved and the districts included therein restored to their original status, except that it shall not be necessary to provide polling places in each district. Each such district when so restored shall assume and be liable for its prorata part of the outstanding financial obligations of the consolidated district, such prorata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year. No election for the dissolution of said consolidated districts shall be held until three (3) years have elapsed after the date of the election at which such districts were consolidated.

"(b)  On the petition of twenty (20), or a majority,
of the legally qualified voters of any common school dis-
trict, or independent school district, praying for the
withdrawal from a consolidated district, if three (3) years
have elapsed after the date of the election at which such
districts were consolidated, the County Judge shall issue
an order for an election to be held in the district desir-
ing withdrawal.  The County Judge shall give notice of the
date of such election by publication of the order in some
newspaper published in the county for twenty (20) days prior
to the date on which such elections are ordered, or by post-
ing a notice of such election in the district desiring the
election.  The Commissioners Court shall at its next meet-
ing canvass the returns of such election, and if the votes
cast in said district show a majority in favor of withdraw-
ing from the consolidation, the Court shall declare the dis-
trict severed and it shall be restored to its original sta-
tus.  Each such district when so restored shall assume and
be liable for its prorata part of the outstanding financial
obligations of the consolidated district, such prorata part
to be based on the relation the total assessed valuation of
all property in the district bears to the total assessed
valuation of property in the consolidated district, as shown
by the assessment rolls of the district for the current year.
(Emphasis added.)

In a previous opinion of this department, No. O-5652,
addressed to you, the above-quoted statute, as amended, was held
to be constitutional.  That opinion also considered the same
problem presented in the first question now being submitted for
answer, such opinion, relying upon the cases of Tisdale et al v.
Eldorado Independent School District et al, 287 S. W. 147, affirmed
by the Commission of Appeals, 3 S. W. (2d) 420, and Consolidated
School District No. 5 v. Wood, 112 S. W. (2d) 231, writ of error dis-
missed, holding:

"From the authorities cited we think it is the well
settled rule in Texas that the Legislature is authorized
to prescribe for the consolidation and dissolution of
school districts.  By this same authority it may provide
for the withdrawal of an original district from the con-
solidated district in such prescribed way as it deems wise.

Therefore, it is the opinion of this department that
one of the original districts in a consolidation may with-
draw from the consolidation, without the approval of a
majority of the qualified voters of the entire consolidated
district, even though the buildings for which the entire

Honorable T. M. Trimble, Page 4

consolidated district has been bonded may be located in the withdrawing district. However, the withdrawal of one of the original districts from the consolidated district does not affect the status of the remaining area as a consolidated district, which district retains its form of organization, property, rights, and privileges belonging to the district before such withdrawal, including the school building of such district though it may be located within the boundaries of the withdrawing district."

Based on the above decisions and prior departmental opinion, we therefore held that upon the withdrawal of former common school district D from the Consolidated District (B), the ownership of the school building, erected by the Consolidated District and located within the boundaries of the withdrawing district, remains vested in the Consolidated District (B).

As regards your second question, we believe that if a former common school district (A) should withdraw from the Consolidated District in the same manner as common school district D, that is, pursuant to Section (b), Article 2815, V.A.C.S., then the ownership of any school building constructed by the Consolidated District but located within the boundaries of the withdrawing district would remain vested in the Consolidated District and this would be true, under the provisions of Section (b) of Article 2815, even though the withdrawal of the former district (A) should leave only the former district (B) as the sole remaining former district in the consolidation.

The following quotation from the court's opinion in Tisdale v. Eldorado I.S.D. (cited supra) contains a succinct statement of the rule followed in our above answer to your questions:

"In the absence of some statutory provision to the contrary the general rule is that, when a part of the territory of a school district is separated from it by annexation to another district, or by the creation of a new district, the old district retaining its organization, such old district retains all of its property, powers, rights and privileges, and continues to be responsible for all its debts and liabilities. (Emphasis ours)

It will be noted that Section (a) of Article 2815, V.A.C.S., allows an alternate solution to former districts desiring to end their connection with a consolidation: upon a dissolution of the consolidated district, buildings located

in former districts would belong to such districts after the dissolution of the Consolidated District, under authority of the decision of the Commission of Appeals in the case of Houston v. City of Gonzales, 229 S. W. 467.

In regard to proceedings under Section (b) of Article 2815, however, to allow withdrawing districts, solely by a vote of that part of the population residing in the withdrawing district, to acquire the ownership of school buildings paid for by the funds of the Consolidated District would be manifestly unjust so long as the Consolidated District retained its status and continued to be responsible for the obligations incurred by it as a Consolidated District. We therefore believe that the ruling of our prior opinion that former districts withdrawing from a Consolidated District pursuant to Section (b) of Article 2815 do not acquire title to property of the Consolidated District, even though such property is located within the boundaries of the withdrawing district, is a correct statement of the law of this State as it now exists, and that such ruling should be, and is affirmed.

Your third question is answered in the negative. Since we have held that, under the statutes and decisions of this State, Consolidated District (E) remains the owner of the school buildings in question, then the Board of County School Trustees would have no authority to determine the ownership of such buildings in event of withdrawals pursuant to Section (b) of Article 2815, V.A.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   Wm. N. Blanton
       Assistant

WNB:fb